NORTH CAROLINA STATE HIGHWAY COMMISSION v. CATHERINE R. ENGLISH AND DIXIE C. ENGLISH

No. 7328SC601

(Filed 28 November 1973)

1. Highways and Cartways § 5— acquisition of rights of "view"— compensation

Statute authorizing the Highway Commission to acquire rights of "view," G.S. 136-89.52, refers to the purposes for which the Commission may acquire property and does not create a right of view or sight distance to and from a landowner's property for which compensation must be paid if the view is obstructed.

2. Eminent Domain § 7; Highways and Cartways § 5— controlled-access highway — lack of access — instructions

In a proceeding to condemn a portion of defendants' land for the purpose of relocating an abutting road and for construction of a controlled-access highway, the trial court did not err in failing to instruct the jury in accordance to the second paragraph of G.S.

136-89.52 relating to the consideration of lack of access to a new con-
trolled-access highway on the issue of damages where defendants'
remaining property does not abut the new controlled-access highway
and their remaining property has access to the relocated road in the
same manner as their entire property had to such road before its
relocation.

3. **Eminent Domain § 7; Highways and Cartways § 5— existing highway —
loss of access — necessity for instructions**

In an action to condemn a portion of defendants' land for re-
location of an abutting road and for construction of a controlled-
access highway, the trial court did not err in failing to instruct the
jury in accordance with the provisions of G.S. 136-89.53 relating to
compensation for loss of access when an existing highway is included
within a controlled-access facility where defendants have access to
each roadway to which they had access prior to the condemnation.

4. **Highways and Cartways § 5— highway condemnation — instructions —
loss of view**

In this proceeding to condemn land for relocation of an abutting
road and for construction of an interstate highway, the trial court
did not err in failing to instruct the jury specifically that it should
consider loss of view and sight looking toward defendants' property
from the south and looking from their property toward the south
caused by the "fill" upon which the interstate highway was constructed
where defendants failed to request special instructions relating
thereto.

APPEAL by defendants from *Martin (Harry C.), Judge,* 22
January 1973 Session of Superior Court held in BUNCOMBE
County.

This is a condemnation proceeding to acquire, for highway
purposes, fee simple title to a portion of defendants' land. De-
fendants were the owners of a rectangular tract of land which
is approximately 225 feet wide and approximately 632 feet long.
The length of the rectangular tract runs approximately in a
north-south direction. The rectangular tract was bordered on
its southern end by Crayton Road and the full length of its
western edge bordered on Sweeten Creek Road.

The date of the taking by the plaintiff of a portion of
defendants' land was 13 October 1969. Of the total of 3.24
acres in defendants' rectangular tract of land plaintiff con-
demned 1.38 acres of the southern end thereof, leaving the
northern end containing 1.86 acres. The taking was for the
purpose of the relocation of Crayton Road and for the further
purpose of the construction of a controlled access facility (Inter-
state 40).

Crayton Road was moved northward and relocated along the northern edge of the portion taken, causing the southern end of defendants' remaining property to border on Crayton Road similar to the manner in which the property bordered thereon prior to the taking. The western edge of defendants' remaining property continued to border on Sweeten Creek Road. Neither Crayton Road nor Sweeten Creek Road are controlled access facilities, and defendants' remaining property has access to both, similar to the access prior to the taking. There is no interchange in the vicinity of defendants' remaining property, between Interstate 40 and any road.

The controlled access facility (Interstate 40) lies to the south of the relocated Crayton Road and defendants' remaining property does not border thereon at any point; Crayton Road runs approximately parallel to Interstate 40 at this point and lies between defendants' remaining property and Interstate 40. The roadbed for Interstate 40 was elevated by a "fill" on both sides of Sweeten Creek Road in order that Interstate 40 would pass over Sweeten Creek Road. The "fill" on the east side of Sweeten Creek Road restricts the distance from which defendants' remaining property can be seen when approaching it from the south on Sweeten Creek Road. It also restricts the distance which can be seen from defendants' remaining property when one looks to the south along Sweeten Creek Road.

Defendants offered the testimony of seven witnesses upon the question of damages resulting from the taking of a portion of their land. Their opinions varied from a high of $56,175.00 to a low of $40,445.00. Plaintiff offered the testimony of three witnesses upon the same subject. Their opinions varied from a high of $11,500.00 to a low of $10,900.00. The jury awarded to the defendants the sum of $19,000.00 as just compensation for the appropriation of a portion of their property for highway purposes. Defendants appealed.

*Attorney General Morgan, by Assistant Attorney General Salley, for the plaintiff.*

*Bennett, Kelly & Long, by Robert B. Long, Jr., for the defendants.*

BROCK, Chief Judge.

[1]   Defendants argue that they have been deprived of sight distance along Sweeten Creek Road, looking *from* the south

towards their remaining property and looking *towards* the south from their remaining property, by the "fill" necessary to allow Interstate 40 to pass over Sweeten Creek Road. Upon this argument they assign as error that the trial judge failed to instruct the jury in accordance with the first sentence of G.S. 136-89.52. The first sentence of said statute reads, in pertinent part, as follows: "For the purposes of this article, the Commission may acquire private or public property and property rights for controlled-access facilities and service or frontage roads, including rights of access, air, *view* and light . . . " (Emphasis added). This grant of authority with respect to acquiring rights to view or sight distance is a grant of authority to the Commission to acquire an easement over or title to property not actually needed for roadbed, but needed to prevent blind intersections of highways or other hazardous situations. This sentence of the statute does not create a right of view or sight distance in individual landowners to and from their land. Nor does it suggest that an individual landowner has a right of view or sight distance for which compensation must be paid. The sentence referred to enumerates the purposes for which the Commission may acquire property or property rights. It is inapplicable to defendants' contention. This assignment of error is overruled.

[2]  Defendants assign as error that the trial judge failed to instruct the jury in accordance with the second paragraph of G.S. 136-89.52 which reads as follows:

"Along new controlled-access highway locations, abutting property owners shall not be entitled to access to such new locations, and no abutters' easement of access to such new locations shall attach to said property. Where part of a tract of land is taken or acquired for the construction of a controlled-access facility on a new location, the nature of the facility constructed on the part taken, including the fact that there shall be no direct access thereto, shall be considered in determining the fair market value of the remaining property immediately after the taking."

Defendants' situation is that their remaining property does not abut the controlled-access highway (Interstate 40). Crayton Road, to which there is access from defendants' remaining property, lies between Interstate 40 and defendants' remaining property. It is true that Interstate 40 is constructed upon property acquired from defendants, but the access to Interstate 40

which is denied is access from State Highway Commission property (acquired from defendants) which lies between Interstate 40 and Crayton Road. Defendants' remaining property, situated on the opposite side of Crayton Road from Interstate 40, has access to Crayton Road in a manner similar to that which defendants' whole property had before the condemnation began. Defendants have not been denied access from their remaining property to Crayton Road and their remaining property does not abut the controlled-access highway. The last sentence of the second paragraph of G.S. 136-89.52, when read in conjunction with the first sentence of said second paragraph, contemplates a situation where the remaining property abuts the new controlled-access highway. Defendants are not denied access to a highway or roadway which abuts their property. In view of these circumstances we hold that the trial judge was correct in not instructing the jury in accordance with the second paragraph of G.S. 136-89.52. This assignment of error is overruled.

[3] Defendants assign as error that the trial judge failed to instruct the jury in accordance with the second sentence of G.S. 136-89.53, which reads as follows: "When an existing street or highway shall be designated as and included within a controlled-access facility the owners of land abutting such existing street or highway shall be entitled to compensation for the taking or injury to their easements of access." This provision has no application to the present proceeding. The existing highway, Crayton Road, was relocated outside of the controlled-access area. The quoted sentence applies where an existing street or highway is designated a controlled-access facility thereby depriving a landowner of access from his property which he once had. In the present case, as pointed out, defendants have access from their property to each highway or roadway to which they had access prior to this proceeding. We hold that the trial judge was correct in not instructing the jury in accordance with the above quoted sentence. This assignment of error is overruled.

[4] Defendants assign as error that the trial judge failed to instruct the jury specifically that it should consider loss of view and sight distance looking *towards* defendants' property from the south and looking *from* defendants' property towards the south. It is noted that His Honor instructed the jury that the "compensation must be full and complete and include everything which affects the value of the property taken and in relation

to the entire property affected." Also he instructed the jury that it should "include compensation for the part actually appropriated or taken by the Highway Commission and compensation for damages, if any, to the remaining portion." Defendants' witnesses were permitted to testify concerning the loss of sight distance caused by the "fill" upon which Interstate 40 was constructed, and to testify that they took this factor into consideration in their estimation of market value after the taking. The jury was permitted to view defendants' exhibits (photographs) which clearly portrayed the "fill" and loss of sight distance along Sweeten Creek Road looking *towards* defendants' property from the south and looking *from* defendants' property towards the south. The trial judge is not required to instruct the jury upon the law applicable to each item of evidence or testimony. Particularly, this is true where there is no request for special instructions. We note that at the conclusion of his instructions the trial judge asked counsel for defendants if they had any "additions or corrections to the charge?" Their reply was, "no sir." In our view the instructions given by the trial judge were sufficient to present to the jury all questions of damage as raised by defendants' evidence. This assignment of error is overruled.

Defendants assign as error other portions of the charge to the jury. Reading the charge as a whole, as we must do, we hold that the trial judge fairly instructed the jury upon the principles of law applicable to the case. The jury was permitted to consider all of defendants' relevant evidence and it has made its determination of just compensation.

No error.

Judges CAMPBELL and BRITT concur.